IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| RALPH GATES, III<br>4720 Walford Road, #2<br>Warrensville Heights, Ohio 44128 | )<br>)<br>)<br>) | CASE NO.: **1:09CV0772** |
| Plaintiff, | )<br>) | JUDGE **JUDGE NUGENT** |
| vs. | )<br>) | **MAG. JUDGE BAUGHMAN** |
| UNITED STATES POSTAL SERVICE<br>2400 Orange Avenue<br>Cleveland, Ohio 44101 | )<br>)<br>)<br>) | **COMPLAINT**<br><br>**Jury Demand Endorsed Hereon.** |
| Defendant. | )<br>) | |

## PARTIES

1. Plaintiff Ralph Gates is a citizen of the United States and was an employee of Defendant United States Postal Service, at 2400 Orange Avenue, Cleveland, Ohio, within the meaning of 29 U.S.C. § 2611(2)(A) at all times relevant to this action.

2. Defendant is an employer within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the federal claims asserted here pursuant to §§1331-1343 of Title 28. This Court has supplemental jurisdiction over the claims in this action arising under the law of the State of Ohio.

---

KABAT, MIELZINER & SOBEL                                                                 ATTORNEYS AT LAW

25550 CHAGRIN BOULEVARD, SUITE 403  •  BEACHWOOD, OHIO 44122  •  TELEPHONE (216) 595-8222  •  FAX (216) 595-8230

4. The unlawful employment practices complained of in this Complaint occurred, and the employment records relevant to this matter are maintained and administered within the Northern District of Ohio, and venue is proper within this district and division.

5. This is a claim for a violation of the Family and Medical Leave Act of 1993, Title 29 U.S.C. Chapter 28 §2601 et seq.

## FACTUAL ALLEGATIONS

6. On or about September 10, 1994, Plaintiff began working for Defendant.

7. For approximately the past ten years, Plaintiff was employed as a Network Specialist, Grade Level 16, with Defendant.

8. Since approximately May 16, 2006, Plaintiff has suffered severe and chronic gout, certified by his treating physician, and which constitutes an FMLA covered serious health condition. Through the FMLA process, Plaintiff timely requested leave providing information and documentation on his own and through his medical provider sufficient to prove and establish FMLA approved leave related to this serious health condition. Specifically, Plaintiff received approved FMLA case number 252637 from 5/24/2006 throught 5/19/2007; case number 3171503 from 6/28/2007 to 1/4/2008, and case number 1050000024650 from 6/17/2008 to 6/26/2009, related to his gout.

9. Due to the nature of Plaintiff's gout, and as specified by his medical provider, Plaintiff is approved for intermittent leave which coincides with the flare ups attendant to the nature of Plaintiff's condition.

2

10. Plaintiff was absent from work due to his serious health condition and under circumstances permitted under the FMLA.

11. Plaintiff provided notice to Defendant as required under the FMLA.

12. Defendant violated Plaintiff's rights under the Family and Medical Leave Act because it denied Plaintiff's request for family and medical leave throughout the period referenced above despite his approved FMLA condition.

13. Defendant violated Plaintiff's rights under the FMLA because it interfered with, restrained, or discriminated against Plaintiff throughout the period referenced above because of Plaintiff's exercise of FMLA rights.

14. Defendant retaliated against Plaintiff because, substantially because, or otherwise as a causal factor, that Plaintiff requested leave under the Family and Medical Leave Act.

15. Defendants negatively, materially, substantially and adversely affected Plaintiff's terms and/or conditions of employment because Plaintiff requested leave under the Family and Medical Leave Act.

16. Defendant took adverse employment action against Plaintiff including but not limited to providing a Warning Letter in Lieu of 14 Day Suspension, which is part of progressive disciplinary policy, because Plaintiff requested and took leave consistent with his approved FMLA condition.

17. Defendants terminated, discharged, and/or fired Plaintiff effective January 1, 2009, as a result of Plaintiff requesting and taking leave under the Family and Medical Leave Act.

18. Defendant terminated, discharged and/or fired Plaintiff as a form of retaliation because Plaintiff requested leave under the Family and Medical Leave Act, 29 U.S.C. §2601. et seq.

19. Even though Plaintiff was on intermittent leave under the Family and Medical Leave Act, Plaintiff otherwise came to work, performed tasks, and attended meetings, including hours which were undocumented by Defendant and without pay.

20. Even though Plaintiff was on intermittent leave under the Family and Medical Leave Act, Plaintiff came to work, performed tasks, and attended meetings, sometimes for undocumented hours and without pay to try and keep his job because of Defendant's malicious treatment of Plaintiff.

21. Defendant knowingly, intentionally, willfully and maliciously violated Plaintiff's rights.

## COUNT I

22. Plaintiff hereby repeats and realleges each allegation contained in Paragraphs 1-21 above.

23. Defendant's actions constitute violations of the Family and Medical Leave Act, 29 U.S.C. §2601 et seq.

24. As a result of Defendant's violations, Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

4

25. As a proximate result of Defendant's discrimination against Plaintiff on the basis of his exercise of rights under the FMLA, Plaintiff suffers and continues to suffer substantial losses, including loss of past and future earnings, bonuses, and other employment benefits.

26. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer impairment and damage to his good name and reputation by Defendant.

27. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish.

## COUNT II

28. Plaintiff hereby repeats and realleges each allegation contained in Paragraphs 1-27 above.

29. Defendant's actions constitutes unlawful and intentional retaliation under the Family and Medical Leave Act.

30. Plaintiff engaged in statutorily protected conduct in requesting leave to which he was entitled under the Family and Medical Leave Act, and of which he was approved by Defendant.

31. Plaintiff suffered unlawful and intentional adverse action by Defendant and there was a causal connection between Plaintiff's engagement of the statutorily protected conduct and Defendant's unlawful and intentional adverse action.

32. As a result of Defendant's violation, Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

Kabat, Mielziner & Sobel                                                                 Attorneys at Law

25550 Chagrin Boulevard, Suite 403 • Beachwood, Ohio 44122 • Telephone (216) 595-8222 • Fax (216) 595-8230

33. As a proximate result of Defendant's retaliation against Plaintiff on the basis of his exercise of rights under the FMLA, Plaintiff suffers and continues to suffer substantial losses, including loss of past and future earnings, bonuses, and other employment benefits.

34. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer impairment and damage to his good name and reputation by Defendant.

35. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish.

### COUNT III

36. Plaintiff hereby repeats and realleges each allegation contained in Paragraphs 1-35 above.

37. Defendant's conduct constitutes an unlawful and intentional retaliation and wrongful discharge under Ohio law.

38. Plaintiff engaged in statutorily protected conduct of requesting accommodation for his serious health condition under the FMLA.

39. Plaintiff opposed FMLA discrimination.

40. Plaintiff suffered intentional adverse action for Defendant and there was a causal connection between Plaintiff's engagement of the statutorily protected conduct and Defendant's unlawful and intentional adverse action.

41. As a result of Defendant's violation, Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

KABAT, MIELZINER & SOBEL     ATTORNEYS AT LAW

25550 CHAGRIN BOULEVARD, SUITE 403 • BEACHWOOD, OHIO 44122 • TELEPHONE (216) 595-8222 • FAX (216) 595-8230

42. As a proximate result of Defendant's actions against Plaintiff on the basis of his exercise of rights under the FMLA, Plaintiff suffers and continues to suffer substantial losses, including loss of past and future earnings, bonuses, and other employment benefits.

43. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to impairment and damage to his good name and reputation by Defendant.

44. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish.

## COUNT IV

45. Plaintiff is owed wages by Defendant for undocumented hours of which he was required to work, and for which he has not been compensated in violation of the wage and labor laws of the United States and the State of Ohio.

46. As a result of Defendant's failure to pay Plaintiff, he is entitled to statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant judgment in his favor containing the following relief:

1. An award of Plaintiff's actual damages in an amount not less than $100,000 to be determined at Trial for loss of wages, benefits, promotional opportunities, including an award of front pay compensating Plaintiff for loss of future salary and benefits;

KABAT, MIELZINER & SOBEL  ATTORNEYS AT LAW
25550 CHAGRIN BOULEVARD, SUITE 403 • BEACHWOOD, OHIO 44122 • TELEPHONE (216) 595-8222 • FAX (216) 595-8230

2. An Order enjoining Defendant from engaging in the wrongful practices alleged herein and/or reinstating Plaintiff to his position;

3. Wages earned plus statutory damages as relief for Defendant's failure to pay Plaintiff's wages.

4. An award of reasonable attorneys fees and the costs of this action; and

5. Such other and further relief as this Court finds just and proper.

Respectfully submitted,

*[signature]*
Bruce L. Mielziner (0020776)
Kevin R. McMillan (0069428)
Attorneys for Plaintiff
KABAT, MIELZINER & SOBEL
25550 Chagrin Blvd., Suite 403
Beachwood, Ohio 44122
(216) 595-8222
(216) 595-8230 - facsimile

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein.

*[signature]*
Bruce L. Mielziner

8